UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA MARIE RANGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:17-cv-00706-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL<br><br>(Doc. No. 1) |

## I. INTRODUCTION

Plaintiff Anna Marie Rangel has filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. No. 1.) The case has been submitted on the parties' briefs. The court will affirm the decision of the Commissioner.

## II. THE DISABILITY EVALUATION STANDARD

A person has a "disability" under the Social Security Act of 1935 if the claimant cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The physical or mental impairment must be an anatomical, physiological, or psychological abnormality "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id*. §§ 423(d)(3), 1382c(a)(3)(D). The impairment must be sufficiently severe that the claimant cannot perform her previous work and cannot—considering her age, education, and work experience—engage in substantial gainful work that exists in the national economy. *See id*. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must consider the combined effect of all the claimant's impairments, regardless of whether any individual impairment is on its own severe enough to constitute a disability. *See id*. §§ 423(d)(2)(B), 1382c(a)(3)(G).

The Social Security Administration has a sequential, five-step process for evaluating a claimed disability. *See* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(f). If a claimant is determined to be either disabled or not disabled at any step in the sequence, the analysis ceases without a consideration of subsequent steps. *Id*. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity. *Id*. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers whether the claimant has a severe impairment or combination of impairments that significantly limit his or her ability to perform basic work activities. *See id*. §§ 404.1520(c), 416.920(c). At step three, the Commissioner determines whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"). *See id*. §§ 404.1520(d), 416.920(d). At step four, the Commissioner determines whether the claimant can perform his or her past jobs. *See id*. §§ 404.1520(f), 416.920(f). At step five, the Commissioner determines whether the claimant can perform other work that exists in significant numbers in the national economy. *See id*. §§ 404.1520(g), 416.920(g). The claimant bears the

burden of proof at steps one through four, but the Commissioner bears the burden at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### III. PROCEDURAL BACKGROUND

Rangel has filed an application for SSI claiming disability beginning February 7, 2012. AR 16.[1] The decision of the Administrative Law Judge ("ALJ") to deny benefits on September 21, 2015 became the final decision of the Commissioner when the Commissioner's Appeals Council denied Rangel's request to review the appeal. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981; 416.1481. The ALJ's decision is now before this court for review.

### IV. THE COMMISSIONER'S FINAL DECISION

The ALJ found that Rangel is not disabled. AR 15-24. At step one, the ALJ found that Rangel had not engaged in substantial gainful activity since the alleged onset date of her disability, February 7, 2012. AR 16. The ALJ then found severe impairments at step two: "obesity; hyperlipidemia; dysfunction, major joints; osteoarthrosis and allied disorders; essential hypertension; affective disorders; and degenerative disk disease." AR 16. At step three, the ALJ found that Rangel did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 17. The ALJ also determined at step three that Rangel had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally reach overhead bilaterally; can frequently climb ramps and stairs; can never climb ladders, ropes or scaffolds or crawl; and can frequently stoop, kneel, crouch and crawl. The claimant can never be exposed to unprotected heights, moving mechanical parts or extreme cold. Finally, the claimant is limited to performing simple, routine tasks.

AR 19. The ALJ therefore proceeded to step four.

Relying on a Vocational Expert's ("VE") testimony at step four, the ALJ found that Rangel had past relevant work of "home attendant," "change person," "janitor," and "foster parent." AR 22-23. The ALJ determined that Rangel could no longer perform her past relevant work. AR 23.

---

[1] All "AR" citations refer to the administrative record. (Doc. No. 10.)

3

At step five—after considering Rangel's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpart P, App. 2—the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." AR 23. The ALJ thus concluded that Rangel was not disabled as defined in the Social Security Act. AR 24.

## V. DISCUSSION

Rangel argues on appeal that the ALJ improperly rejected her pain and symptom testimony, and the reasons provided by the ALJ were not supported by substantial evidence. (Doc. No. 14 at 5.) A district court will set aside the Commissioner's final decision denying benefits only if that decision is either (1) not supported by substantial evidence or (2) based on a legal error. *See* 42 U.S.C. § 405(g); *Wellington v. Berryhill*, 878 F.3d 867, 871 (9th Cir. 2017).

"Substantial evidence means more than a mere scintilla, but less than a preponderance; [i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). In evaluating whether a decision of the Commissioner was based on substantial evidence, the court reviews the "entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citations omitted). If the evidence can reasonably support either affirming or reversing the Commissioner's final decision, the court may not substitute its judgment for that of the Commissioner—it must affirm under the substantial evidence standard. *Id.*; *see Revels*, 874 F.3d at 654 ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)). The court reviews only the reasons provided by the Commissioner in the disability determination and may not affirm based on a ground upon which the Commissioner did not rely. *See Revels*, 874 F.3d at 654. The court will find legal error if it concludes that the Commissioner applied the wrong legal standard. *See Wellington v. Colvin*, 2016 WL 224184, at *5 (E.D. Cal. Jan. 19,

4

2016), *aff'd sub nom. Wellington v. Berryhill*, 878 F.3d 867 (9th Cir. 2017).

In evaluating Rangel's limitations to formulate the RFC, the ALJ's decision denying disability benefits stated that Rangel's "statements concerning the intensity, persistence and limiting effects of [her pain] symptoms are not entirely credible." AR 22. An ALJ must engage a two-step analysis in determining whether a claimant's testimony concerning subjective pain or symptoms is credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "[T]he claimant is not required to show her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id*. The claimant is not required to produce objective medical evidence of the pain or its severity. *See id*. Second, if there is no evidence of malingering, the ALJ may reject a claimant's testimony about the severity of the pain "only by offering specific, clear and convincing reasons for doing so."[2] *Id*. at 1015; *see also Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (reaffirming the application of the two-step analysis in *Garrison* after Social Security Ruling 16–3p (2016)).

Here, the ALJ took issue with Rangel's testimony that her pain was so intense that she could not work at all. AR 22. In discounting this testimony, the ALJ pointed out that Rangel "had been a full-time caregiver to her mother for 12 years, performing very heavy exertional work." AR 22. The ALJ further noted that the objective medical evidence supports a limitation, but Rangel could still perform "light exertional work." AR 22 (citing MRI of Cervical Spine on 12/10/2014 by Physician Reynaldo Garcia, Exhibit 8F, pages 3-4, AR 574-75). The ALJ thus provided two reasons for discounting Rangel's credibility: (1) inconsistency with the medical evidence in the record; and (2) Rangel's prior "heavy" executional work. *See* AR 22.

Rangel asserts that the reasons provided by the ALJ are unsupported by substantial

---

[2] "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

5

evidence. Regarding the inconsistency with the objective medical evidence, Rangel argues that the ALJ did not provide specific, clear, and convincing reasons; the ALJ merely recited the evidence in support of the RFC conclusion without identifying what evidence was inconsistent with Rangel's testimony. (Doc. No. 14 at 7.) The court disagrees.

On pages 19-22 of administrative record, the ALJ considered and discussed the medical evidence in detail. *See* AR 19-22. Importantly, no medical opinion provided a greater limitation from Rangel's pain symptoms than what was incorporated by the ALJ into the RFC. *See id.* Consultative examiner Roger Wagner, M.D., examined Rangel on July 14, 2013 and concluded that she had no limitations with: (1) standing and walking with normal breaks; (2) sitting; (3) did not need an assistive device; (4) lifting; (5) could frequently perform postural activities; and (6) could frequently stoop and perform manipulative activities. AR 21, 540-41. The state agency medical consultants, A. Nasarbadi and R. Fast, agreed that Rangel can perform medium exertional work.[3] AR 21, 91-92, 122-23. Medium exertional work is defined by regulation to involve "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

The ALJ formulated an RFC that was more restrictive than the medical evidence by limiting Rangel to "light" exertional work, which is defined by regulation to involve "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). By limiting Rangel's RFC to light exertional work instead of medium, which is what the medical evidence indicated, the ALJ partially credited Rangel's testimony concerning pain. This was reasonable considering that there was no objective medical evidence in the record to support Rangel's testimony that she could not perform work at all due to her pain. Therefore, the court concludes that inconsistency with the objective medical evidence was a "specific, clear, and convincing reason" for partially discrediting Rangel's testimony concerning pain.[4] *See, e.g.*, *Hubbard v. Astrue*, 371 F. App'x 785 (9th Cir. 2010) (holding that

---

[3] A. Nasarbadi's evaluation occurred on July 30, 2013, AR 91-92, and R. Fast conducted an evaluation on January 9, 2014, AR 122-23.

[4] The court need not reach Rangel's argument concerning the ALJ's other reasoning for partially discrediting Rangel's pain and symptom testimony because any error would be harmless.

6

ALJ's finding that claimant was "not entirely credible" was supported by specific, clear and convincing reasons, including that the objective medical evidence was inconsistent with her testimony about the severity of her symptoms).  The ALJ's decision denying Social Security benefits is therefore supported by substantial evidence.

### VI.   CONCLUSION AND ORDER

Plaintiff Anna Marie Rangel's appeal from the administrative decision of the Commissioner of Social Security is denied, and the decision of the Commissioner of Social Security is affirmed.  The clerk of court is directed to (1) enter judgment in favor of defendant Commissioner of Social Security and (2) close this case.

IT IS SO ORDERED.

Dated:   September 18, 2018

_____
UNITED STATES MAGISTRATE JUDGE